FILED
LAL

APR 1 4 2006

APR 14 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CE DESIGN LTD., individually )
and as the representative of )
a class of similarly situated )
persons, )
                          )
           Plaintiff, )
                          )
    v. )
                          )
MATRIX LS, INC., a foreign )
corporation, and INDIANA )
INSURANCE COMPANY, )

**06CV2115**
**JUDGE LEINENWEBER**
**MAGISTRATE COLE**

No.

## NOTICE OF REMOVAL OF A CIVIL ACTION

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION.**

**NOW COMES** Defendant, INDIANA INSURANCE COMPANY, by and

through its attorneys, BELGRADE AND O'DONNELL, P.C., and for its

NOTICE OF REMOVAL, states as follows:

1.    On March 14, 2006, a Complaint for Declaratory

Judgment was filed against INDIANA INSURANCE COMPANY in the

Circuit Court of the 19th Judicial Circuit, Lake County,

Illinois, entitled CE DESIGN LTD., individually and as the

representative of a class of similarly situated persons v.

MATRIX LS, INC., a foreign corporation and INDIANA INSURANCE

COMPANY, Case No. 06 MR 342.

2.    On or about March 16, 2006, INDIANA INSURANCE COMPANY

received service of Summons and the Complaint for Declaratory

Judgment in the above-entitled action via the State of Illinois

Department of Insurance. (Copies of the Summons and Complaint are attached hereto and incorporated herein as Exhibit "A" and constitute all process, pleadings and orders served upon Defendant, INDIANA INSURANCE COMPANY, in this action.)

3.   There is also an underlying Class Action Complaint pending in the Circuit Court of the 19ᵗʰ Judicial Circuit, Lake County, Illinois, entitled CE DESIGN LTD., an Illinois corporation, individually and as the representative of a class of similarly situated persons v. MATRIX LS, INC., a foreign corporation, Case No. 05 L 269, which was filed on March 22, 2005. (A Copy of the underlying Class Action Complaint is attached hereto and incorporated herein as Exhibit "B.")

4.   In the underlying Class Action Complaint, Plaintiffs are seeking a recovery against MATRIX LS, INC. under the Telephone Consumer Protection Act, 47 U.S.C.S. § 227, among other theories. (See Ex. "B").

5.   However, the central allegation of the Class Action Complaint is that MATRIX LS, INC. wrongly sent out thousands of unsolicited facsimile advertisements to members of the class throughout the United States. (See Ex. "B").

6.   The Class Action Complaint further states that the Telephone Consumer Protection Act, 47 U.S.C.S. § 227, provides statutory damages of $500.00 per violation and that said damages

may be trebled (i.e. $1,500.00) for knowing or willful violations.  (See Ex. "B").

7.    More specifically, the Class Action Complaint expressly seeks an award of such treble damages if the Court finds that Defendant's violation was willful.  (See Ex. "B").

8.    Also, Plaintiffs themselves allege in their Class Action Complaint that "the Class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable."  (See Ex. "B").  (Emphasis added).

9.    In their Complaint for Declaratory Judgment, Plaintiffs are seeking a determination that the INDIANA INSURANCE COMPANY owes MATRIX LS, INC. coverage not only for the claims of CE DESIGN LTD. but also for the claims of "the class of similarly-situated persons."  (See Ex. "A").

10.   By alleging that thousands of unsolicited facsimiles were sent out to a class consisting of thousands of persons, it is more likely than not that the amount in controversy in the present declaratory judgment action exceeds $5,000,000.00.

11.   In any event, upon information and belief, MATRIX LS, INC. sent out many more than 3,334 such facsimiles.

12.   Thus, pursuant to the allegations of the state court Complaint, if just only 3,334 class members recovered $1,500.00

each, the amount in controversy in this declaratory judgment action would be $5,001,000.00.

13. Further, the Complaint for Declaratory Judgment is between corporations that are domiciled in different states.

14. In this regard, Defendant, INDIANA INSURANCE COMPANY, is and was at all relevant times a corporation incorporated under the laws of the State of Indiana with its principal place of business in the State of Indiana; Co-Defendant MATRIX LS, INC. is and was at all relevant times a corporation incorporated under the laws of the State of Michigan with its principal place of business in the State Michigan; and Plaintiff is an Illinois corporation.

15. This action was brought in the State of Illinois, however, neither of the two Defendants were at the time of the institution of the declaratory judgment action or now corporations incorporated under the laws of the State of Illinois.

16. Moreover, neither of the two Defendants had at the time of the institution of this action, or now, their principal place of business in the State of Illinois.

17. The state court action can properly be removed in that this Court has diversity jurisdiction pursuant to 28 USCS § 1332(d), which was added by the Class Action Fairness Act of 2005.

4

**WHEREFORE**, based upon the grounds for removal set forth above, Defendant, INDIANA INSURANCE COMPANY, has filed this Notice of Removal, removing the instant action from the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois to this Court.

**INDIANA INSURANCE COMPANY**

By: _____
One of Its Attorneys

Steven B. Belgrade
John A. O'Donnell, P.C.
Richard P. Cirzadas
**BELGRADE AND O'DONNELL, P.C.**
20 North Wacker Drive
Suite 1900
Chicago, Illinois   60606
312-422-1700

### CERTIFICATE OF SERVICE

Steven B. Belgrade certifies that this Notice of Removal and related pleadings were served upon all counsel of record via US Mail this 14th day of April, 2006.

_____

**IN THE CIRCUIT COURT OF 19TH JUDICIAL CIRCUIT**
**LAKE COUNTY, ILLINOIS**

CE DESIGN LTD., individually and as the )
representative of a class of similarly-situated )
persons, )
)
                Plaintiff, )
)
           v. )   No. _____
)
MATRIX LS, INC., a foreign corporation, )
and INDIANA INSURANCE COMPANY, )
)
             Defendants. )

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes Plaintiff, CE DESIGN LTD. ("CE"), by and through its attorneys, and for its

complaint for declaratory judgment against INDIANA INSURANCE COMPANY ("Indiana

Insurance") and MATRIX LS, INC. ("Matrix") pursuant to 735 ILCS 5/2-701, states as follows:

### Parties

1.    CE is an Illinois corporation which provides civil engineering, architecture and

surveying services. CE does business in Lake County, Illinois.

2.    On information and belief, Indiana Insurance is a subsidiary of Liberty Mutual

and is an insurance company licensed to do business in Illinois. Indiana Insurance does business

in Lake County, Illinois

3.    On information and belief, Matrix is a Michigan corporation with its principal

place of business in Farmington Hills, Michigan.

### Jurisdiction and Venue

4.    Jurisdiction is proper because the facts which gave rise to the underlying

complaint occurred in Illinois, and because Matrix and Indiana Insurance do business in Illinois.



**EXHIBIT**

*A*

RECEIVED
STATE OF ILLINOIS

MAR 1 5 2006 10:55Am

DEPT. OF INSURANCE
CHICAGO, ILLINOIS

5.      Venue is appropriate in Lake County because the underlying case is pending in
Lake County and has been assigned to Judge Margaret Mullen.

### Underlying Suit

6.      The underlying suit was filed in the Circuit Court of the 19th Judicial Circuit, Lake
County, Illinois entitled *CE Design Ltd., individually and as the representative for a class of
similarly-situated persons vs. Matrix LS, Inc.*, No. 05 L 269. A true and correct copy of the
Class Action Complaint is attached hereto as Exhibit A.

7.      The Class Action Complaint alleges that, on or about February 16, 2005 and
February 24, 2005, Matrix transmitted two unsolicited advertisements to the telephone facsimile
machine of CE in violation of federal statutory prohibition and Illinois common law and
statutory prohibitions against the transmittal of unsolicited facsimiles.

8.      Count I of the Class Action Complaint alleges a violation of the Telephone
Consumer Protection Act, 47 U.S.C. §227, Count II alleges common law conversion, and Count
III alleges a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

9.      All three counts seek certification of a class, an award of monetary damages and
costs.

### Insurance Policy

10.     Indiana Insurance issued a Commercial Protector Policy to Matrix LS, Inc. with a
policy period of September 28, 2004 to September 28, 2005 as policy number BOP9894530
("insurance policy"). A certified copy of the policy is attached hereto as Exhibit B.

11.     As more fully described below, the insurance policy provides coverage for
"bodily injury", "property damage", "personal injury" and "advertising injury". The policy
provides in relevant part as follows:

2

## DEFINITIONS

1.      "Advertising injury" means injury arising out of one or more of the following offenses:

      a.      Oral or written publication of material that slanders or libels a person or organization, or disparages a person's or organizations goods, products or services;

      b.      Oral or written publication of material that violates a person's right of privacy;

      c.      Misappropriation of advertising ideas or style of doing business; or

      d.      Infringement of copyright, title or slogan.

12.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14.     "Personal injury" means injury, other than "bodily injury" arising out of one or more of the following offenses:

      a.      False arrest, detention or imprisonment;

      b.      Malicious prosecution;

      c.      The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

      d.      Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

      e.      Oral or written publication of material that violates a person's right of privacy;

15.     "Property damage" means:

      a.      Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

     b.     Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

## SECTION I – COVERAGES
## Business Liability

1.     Insuring Agreement

     a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage," "personal injury" or "advertising injury" to which this insurance does not apply. We will have the right and the duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury," "property damage," "personal injury" or "advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or offense and settle any claim or "suit" that may result.

\* \* \* \* \* \* \* \* \* \*

     b.     This insurance applies to "bodily injury" and "property damage" only if:

     (1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

     (2)     The "bodily injury" or "property damage" occurs during the policy period.

12.     CE contends that the underlying Class Action Complaint alleges liability against Matrix for "bodily injury," "property damage," "personal injury" and "advertising injury."

13.     Indiana Insurance contends that the property damage was expected or intended from the standpoint of Matrix. Indiana Insurance also claims that no property damage is alleged, the Class Action Complaint does not allege any occurrence, fails to allege any "personal injury" or "advertising injury" and that the unsolicited fax advertisements constituted willful violations of penal statutes, notably the Illinois Consumer Fraud and Deceptive Practices Act.

4

14.     Indiana Insurance is providing a defense subject to a full reservation of all rights. On information and belief, Indiana Insurance has indicated that it will be filing a complaint for declaratory judgment seeking to void its obligations under the policy.

15.     An actual case or controversy exists. This Court must adjudicate, find and declare the rights, duties and obligations of the parties under the insurance policy pursuant to 735 ILCS 5/2-701.

Wherefore, Plaintiff, CE DESIGN LTD., prays that this Court declare the rights, duties and obligations of the parties pursuant to 735 ILCS 5/2-701 and declare that:

A.      Indiana Insurance owes a duty to defend Matrix in the underlying Class Action Complaint;

B.      Indiana Insurance owes a duty to indemnify Matrix and CE individually and on behalf of the class of similarly-situated persons; and

C.      CE be awarded its costs and for such further relief that is appropriate in the premises.

Respectfully submitted,

CE DESIGN LTD., individually and as the representative of a class of similarly-situated persons

By: _____
One of the Attorneys for CE DESIGN LTD.

Brian J. Wanca
Steven A. Smith
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
ARDC No. 3126474

Phillip A. Bock
PHILLIP A. BOCK, P.C.
20 N. Wacker Drive, Suite 1741
Chicago, IL 60606
Telephone: 312/334-1970

5

## SUMMONS

265034/

### IN THE NAME OF THE PEOPLE IN THE STATE OF ILLINOIS, IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

CE DESIGN LTD.,                                      )
_____ )
_____ )
_____ )
_____ )
_____ )
                                        **Plaintiffs)**

              vs.                        )
                                         )
MATRIX LS, INC., and _____ )
INDIANA INSURANCE COMPANY, _____ )
_____ )
_____ )
_____ )
                                        **Defendants)**

06 MR 342

No. _____

PLEASE SERVE:

IL Director of Insurance
as Agent for Service of Process on
Indiana Insurance Company
100 W. Randolph Street, Suite 9-301
Chicago, IL 60601-5416

**RECEIVED**
STATE OF ILLINOIS

MAR 16 2006 10:55 AM

INSURANCE
CHICAGO, ILLINOIS

To each of the above-named defendants:

You are hereby summoned and required to file an answer in this case, or otherwise file your appearance in the office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in this complaint.

This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

           SEAL
            OF
          COURT

*Sally D. Coffelt*
WITNESS SALLY D. COFFELT, Clerk of
said Circuit Court, and the seal thereof at
Waukegan, Illinois, this _____ day of
__MAR 1 4 2006_____ A.D., 20____

SALLY D. COFFELT, Clerk

**Plaintiff's Attorney:**
(or plaintiff, if he be not represented by
attorney) Brian J. Wanca @ANDERSON
+ WANCA, 3701 Algonquin Rd., #760
Address Rolling Meadows, IL 60008
Telephone (847) 368-1500

Date of Service: _____, 20 _____
(To be inserted by officer on copy left with defendant or
other person.)

171-138 Rev 8/00

# IN THE CIRCUIT COURT OF 19TH JUDICIAL CIRCUIT
## LAKE COUNTY, ILLINOIS

CE DESIGN LTD., an Illinois corporation,  )
individually and as the representative of a  )
class of similarly-situated persons,  )
               )
           Plaintiff,  )
               )
      v.  )
               )
MATRIX LS, INC., a foreign corporation,  )
               )
           Defendant.  )
               )

MARGARET J. MULLEN

05 L269

FILED

## CLASS ACTION COMPLAINT

Plaintiff, CE DESIGN LTD., an Illinois corporation (herein "Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations that pertain to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, MATRIX LS, INC., a foreign corporation (herein "Defendant").

## PRELIMINARY STATEMENT

1. This case challenges Defendant's policy and practice of faxing unsolicited advertisements to persons in Illinois and other states.

2. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, prohibits a person or entity within the United States from sending or having an agent send unsolicited faxed advertisements. The TCPA provides a private right of action for violations, provides statutory damages of $500.00 per violation, which may be trebled for knowing or willful violations, and authorizes injunctions against the wrongdoer. 47 U.S.C. § 227(b)(3).

EXHIBIT

B

3.     Unsolicited faxes damage the recipients. Recipients lose the use of their fax machine, paper, and ink toner. Unsolicited faxes also causes the recipients to waste valuable time they would have spent on something else. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipient fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.     On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the common law of conversion, and the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/2 and the substantially-similar consumer protection statutes of other states.

5.     Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.     Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business in Illinois and violated state and federal law related to the matters complained of herein. Defendant does business in this state and purposefully directs its business activities at Illinois residents and Illinois fax machines.

7.     Venue is proper in Lake County pursuant to 735 ILCS 5/2-101, et seq. because the Defendant does business in Lake County, Illinois.

8.     Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiff's individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. The private right of action created by the TCPA can only be enforced in state

2

court. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all damages and fees.

## PARTIES

9.     Plaintiff, CE DESIGN LTD., is an Illinois corporation.

10.     On information and belief, Defendant, MATRIX LS, INC., is a Michigan corporation and does business in Illinois.

## FACTS

11.     On or about February 16, 2005 and February 24, 2005, Defendant transmitted by telephone facsimile machine two unsolicited advertisements to Plaintiff's facsimile machine. A copy of the facsimiles are attached hereto and marked as Exhibit A.

12.     Defendant did not have Plaintiff's prior express invitation or permission to send advertisements to Plaintiff's fax machine.

13.     On information and belief, Defendant has sent thousands of similar unsolicited facsimile advertisements throughout the United States.

14.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

15.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

3

16.     In accordance with 735 ILCS 5/2-801, Plaintiff brings this action pursuant to the

Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of

persons:

> All persons who (1) on or after four years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of MATRIX LS, INC., and (3) with
> respect to whom Defendant cannot provide evidence of prior
> express permission or invitation for the sending of such faxes.

17.     A class action is proper in that:

(a)     On information and belief the class consists of thousands of persons in

Illinois and throughout the United States and is so numerous that joinder of all members

is impracticable.

(b)     There are questions of fact or law common to the class that predominate

over questions affecting only individual class members, including:

(i)     Whether Defendant engaged in a pattern of sending unsolicited fax

advertisements;

(ii)     Whether the facsimiles sent by Defendant were material

advertising the commercial availability of property, goods, or services;

(iii)     The manner and method Defendant used to compile or obtain the

list of fax numbers to which it sent Exhibit A and other unsolicited faxed

advertisements;

(iv)     Whether Defendant sent advertising faxes without obtaining the

recipients' prior express permission or invitation for the faxes;

4

(v)     Whether Defendant violated the provisions of 47 U.S.C. § 227;

(vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)   Whether Defendant willfully or knowingly violated the provisions of 47 U.S.C. § 227; and

(viii)  Whether Defendant engaged in willful or wanton conduct entitling Plaintiff and the other members of the class to treble damages.

18.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the class.

19.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

20.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ...." 47 U.S.C. § 227(b)(1).

21.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22.     The TCPA provides:

5

3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

    (A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

    (B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

    (C)    Both such actions.

23.    The TCPA is a strict liability statute, so Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

24.    If the court finds that Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph. 47 U.S.C. § 227(b)(3).

25.    Defendant violated 47 U.S.C. § 227 et seq. by transmitting Exhibit A hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation.

26.    Defendant failed to include the following material information on the facsimile as required by 47 U.S.C. § 227(d)(1)(B) and 47 CFR § 68.13(d): the identity of the sender, the telephone numbers of the sending machine and of the sender.

27.    Defendant's actions caused damages to Plaintiff and the other class members, because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendant's actions prevented Plaintiff's fax machine from

being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machine for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing and reviewing Defendant's illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

28. If the evidence shows Defendant's violation was willful, Plaintiff requests that the court treble the damages.

WHEREFORE, Plaintiff, CE DESIGN LTD., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, MATRIX LS, INC., as follows:

A. That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the court award actual monetary loss from such violations or the sum of $500.00 in damages for each violation whichever is greater, and, if Defendant's violation was willful, increase the award to three times the amount awarded per violation; and

C. Awarding costs and for such further relief as the court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

## COUNT II
## CONVERSION

29. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30. In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

7

All persons who (1) on or after five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of MATRIX LS, INC., and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

31.  A class action is proper in that:

(a)  On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)  There are questions of fact or law common to the class that predominate over all questions affecting only individual class members, including:

(i)  Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)  Whether the facsimiles Defendant sent were material advertising the commercial availability of property, goods, and services;

(iii)  Whether Defendant sent advertising faxes without obtaining the recipients' prior express permission or invitation for the faxes;

(iv)  The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(v)  Whether Defendant committed conversion; and

(vi)  Whether Plaintiff and the other class members are entitled to recover actual damages and other appropriate relief.

8

32.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving unsolicited faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the class.

33.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

34.    By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted Plaintiff's fax machine toner, paper, memory, and employee time to its own use.

35.    Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machine paper, toner, memory, and employee time.

36.    Defendant knew or should have known that its misappropriation of Plaintiff's resources was wrongful and without authorization.

37.    Plaintiff and the other class members were deprived of valuable resources, which because of Defendant could not be used for any other purpose. Defendant's unsolicited faxes caused unauthorized wear and tear of the class members' machines.

38.    Plaintiff and each class member suffered economic damages because they received unsolicited fax advertisements from Defendant.

WHEREFORE, Plaintiff, CE DESIGN LTD., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, MATRIX LS, INC., as follows:

A.    That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.    That the court award damages;

C.    That the court award costs of suit; and

D.    Awarding such further relief as the court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### 815 ILCS 505/2

39.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

40.    In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, brings Count III for Defendant's unfair practice of sending unsolicited and unlawful fax advertisements:

> All persons who (1) on or after three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of MATRIX LS, INC., and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

41.    A class action is proper in that:

(a)     On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class that predominate over all questions affecting only individual class members including:

(i)     Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)     Whether the facsimiles sent by Defendant were material advertising the commercial availability of property, goods, and services;

(iii)     Whether Defendant sent advertising faxes without obtaining the recipients' prior express permission or invitation for the faxes;

(iv)     The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(v)     Whether Defendant's practice of sending unsolicited faxed advertisements violates the public policy against such faxes;

(vi)     Whether Defendant's practice of sending unsolicited faxes is oppressive;

(vii)     Whether Defendant's practice of sending unsolicited faxes substantially injures consumers;

(viii)     Whether Defendant's practice of sending unsolicited faxes is an unfair practice; and

11

> (ix)    Whether Plaintiff and the other class members are entitled to recover actual damages, attorney fees, and other appropriate relief.

42.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving unsolicited faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the class.

43.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

44.    720 ILCS 5/26-3(b) makes it a petty criminal offense to transmit unsolicited facsimile advertisements to Illinois residents and sets a $500.00 fine for each violation of this criminal statute.

45.    Defendant's unsolicited fax practice is an unfair practice, because it violates public policy. It forced Plaintiff and the other class members to incur expense without any consideration.

46.    Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

47.    Defendant's misconduct caused economic damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, and wear and tear on their facsimile machines, and the loss of employee time wasted in handling Defendant faxes.

12

48.     Through its repeated misconduct, Defendant caused substantial injury to the class and caused them economic damage, including the loss of paper, toner, ink, wear and tear on their facsimile machines, and business interruption. By faxing unsolicited advertisements to them, Defendant forced the class members to pay for Defendant's advertising campaign, when they had no obligation to pay any portion of Defendant's costs.

49.     Absent a practical mechanism for consumers to gather together to recover for the damages Defendant's unsolicited faxes caused them, there is a substantial danger that consumer facsimile machines will continue to be inundated with an avalanche of unwanted and offensive materials.

WHEREFORE, Plaintiff, CE DESIGN LTD., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, MATRIX LS, INC., as follows:

A.     That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.     That the court award damages to Plaintiff and the other class members;

C.     That the court award attorney fees and costs; and

13

D.    Awarding such further relief as the court may deem just and proper, but in any

event, not more than $75,000.00 to any individual member.

                              Respectfully submitted,

                              CE DESIGN LTD., individually and as the
                              representative of a class of similarly-situated
                              persons

                    By:    _____
                           One of Plaintiff's Attorneys


Brian J. Wanca                          Phillip A. Bock
ANDERSON + WANCA                        Malik R. Diab
3701 Algonquin Road, Suite 760          DIAB & BOCK
Rolling Meadows, IL 60008               20 N. Wacker Drive, Suite 1741
Telephone: 847/368-1500                 Chicago, IL 60606
ARDC No. 3126474                        Telephone: 312/334-1970


14

**EXHIBIT A**

# LET US GIVE YOU A PAY RAISE!



## STAMP ALL YOUR BILLS PAID!



## RATES AS LOW AS 1.95%

**PAY OFF HIGH INTEREST CARDS!**

**BANKRUPTCY - BUY OUT REFINANCE OR PURCHASE NO INCOME VERIFICATION GET CASH OUT FOR ANY REASON!**

**10 Day Closings**

### MENTION THIS NOTICE AND YOUR APPRAISAL IS FREE!!!

### EXAMPLES:

| MORTGAGE AMOUNT | YOUR NEW PAYMENT |
| --- | --- |
| $100,000 | $367.12 |
| $200,000 | $734.25 |
| $300,000 | $1,101.37 |
| $400,000 | $1468.50 |



**REDUCE YOUR MONTHLY PAYMENT UP TO 50% AND DO MORE WITH YOUR OWN MONEY! (College Savings Plans, Investments, Etc.)**

**Same Day Approval**

## Call the experts for a FREE analysis!

# 1-800-663-1064

## Good Credit/Bad Credit

### We've got a program for you!

To be placed on our "Do Not Fax Registry", call 800-305-6892. Thank You.

# LET US GIVE YOU A PAY RAISE!



## STAMP ALL YOUR BILLS <u>PAID!</u>

## RATES AS LOW AS **1.95%**



PAY OFF HIGH INTEREST CARDS!

**BANKRUPTCY - BUY OUT REFINANCE OR PURCHASE NO INCOME VERIFICATION GET CASH OUT FOR ANY REASON!**



10 Day Closings

---

### MENTION THIS NOTICE AND YOUR APPRAISAL IS FREE!!!

---

## EXAMPLES:

| MORTGAGE AMOUNT | YOUR NEW PAYMENT |
| --- | --- |
| $100,000 | $367.12 |
| $200,000 | $734.25 |
| $300,000 | $1,101.37 |
| $400,000 | $1468.50 |



Same Day Approval

**REDUCE YOUR MONTHLY PAYMENT UP TO 50% AND DO MORE WITH YOUR OWN MONEY! (College Savings Plans, Investments, Etc.)**

## Call the experts for a FREE analysis!

# 1-800-663-1064

## Good Credit/Bad Credit

### *We've got a program for you!*

To be placed on our "Do Not Fax Registry", call 1-866-841-4680. Thank You.