IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **INDIANA INSURANCE COMPANY, an Indiana Corporation,**<br><br>    **Plaintiff,**<br><br>  v.<br><br>**MATRIX LS, INC., and CE DESIGN LTD.,**<br><br>    **Defendants.**<br><br>**MATRIX LS, INC., and CE DESIGN LTD.,**<br><br>    **Counter-Plaintiffs,**<br><br>  v.<br><br>**INDIANA INSURANCE COMPANY, an Indiana Corporation,**<br><br>    **Counter-Defendant.** | **Case No. 06 C 2115**<br><br>**Hon. Harry D. Leinenweber** |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

This litigation commenced in an Illinois State Court when CE Design Ltd. (hereinafter, "CE Design") filed a declaratory judgment suit against Indiana Insurance Company (hereinafter, "Indiana Insurance") and its insured, Matrix LS, Inc. (hereinafter, "Matrix") seeking a declaration of insurance coverage. The case was removed to federal court based on diversity. Indiana Insurance filed a Cross-Claim for Declaratory Judgment against its insured seeking a declaration of no coverage. The parties subsequently

agreed to reverse the litigation so that Indiana Insurance's Cross-Claim became the main suit and CE Design's claim became the Counter-Plaintiff.

The underlying suit where coverage is disputed is a putative class action in which CE Design is the plaintiff against Matrix as defendant. In that suit, CE Design contends that violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, committed common law conversion, and violated the Illinois Consumer Fraud and Deceptive Business Practices Act. CE Design seeks an award of monetary damages on behalf of the class. Indiana Insurance contends that its policy of insurance excludes coverage for these claims. CE Design contends that they are covered. Indiana Insurance has now moved for Summary Judgment with respect to CE Design's Counterclaim.

## II. DISCUSSION

Indiana Insurance has two main arguments against allowing CE Design to maintain its Counterclaim seeking declaratory judgment. The first argument is that to do so will allow CE Design, a claimant, to maintain a direct action against an insurer which is against public policy. *State Farm Mut. Auto. Ins. Co. v. Illinois Farmers Ins. Co.*, 2006 Ill.App. Lexis 995 (1st Dist. 2006); *Richardson v. Economy Fire Cas. Co.*, 92 Ill.Dec. 516, 520 (Ill., 1985).

The second argument is that the right of a claimant to bring a declaratory judgment action against an insurer is limited to situations, unlike here, where there is no pending declaratory judgment action between the insured and insurer and the insurer is not providing the insured with a defense, citing *Dial Corp. v. Marine Office of America*, 252 Ill.Dec. 753 (1st Dist. 2001).

CE Design argues, however, it is not seeking money damages and that the attorney retained to represent Matrix in the state court suit was selected by Indiana Insurance and thus a conflict of interest exists which in effect means that Indiana Insurance is not providing a defense at all. However, as Indiana Insurance points out CE Design has no standing to raise this issue, citing *Royal Insurance Co. v. Process Design Associates, Inc.*, 221 Ill.App.3d 966 (1st Dist. 1991). The *Royal Insurance* case holds that "prejudice resulting from a conflict of interest will not be presumed and the burden to establish it rests with the insured. . . ." Here the evidence in the record is that Matrix is apparently satisfied with the defense it is receiving, at least it has put forth no objections to date.

The right of a claimant to have a say in a coverage decision between an insurer and its insured has been acknowledged at least as early as 1975 in *M.F.A. Mut. Ins. Co. v. Cheek*, 34 Ill.App.3d 209. This case was affirmed by the Illinois Supreme Court in *M.F.A. Mut. Ins. Co. v. Cheek*, 66 Ill.2d 492 (1977). In the *Cheek*

case the Appellate and Supreme Courts held that even though an insured was defaulted in a declaratory judgment action nevertheless the termination of the insured's rights under principles of collateral estoppel did not terminate the rights of the injured party. *See also, Insurance Co. of North America v. Cape Industries, Ltd.*, 93 Ill.Dec. 186, 189 (4th Dist. 1985).

While normally the method of determining the rights of the injured party is by way of garnishment after a judgment is obtained against the insured, *see Burkart v. Toraason*, 62 Ill.Dec. 861 (3rd Dist. 1982), a large number of cases have recently acknowledged a claimant's right to participate in the declaratory judgment action and in some cases actually to bring a declaratory judgment action. *See*, *Reagor v. Travelers Ins. Co.*, 47 Ill.Dec. 507 (1st Dist. 1980). This right to participate was recognized by the Illinois Supreme Court in dictum in the case of *Zurich Ins. Co. v. Baxter Intern., Inc.*, 218 Ill.Dec. 942 (1996). The court assumed the right to participate in this case because Zurich had waived any objections to a claimant's participation. The Illinois Supreme Court in this case reversed a lower court stay order in favor of a California Declaratory Action for, among other reasons, precisely because Zurich had conceded that the claimants were allowed to participate in the Illinois action but not in the California one. *Zurich*, 218 Ill.Dec. at 947. The First District Appellate Court in *Hapag-Lloyd (America) Inc. v. Home Ins. Co.*, 246 Ill.Dec. 36, 42

(1st Dist. 2000) specifically held that claimants are necessary parties to declaratory judgment litigation over insurance coverage. *See also*, *Flashner Medical Partnership v. Marketing Management, Inc.*, 136 Ill.Dec. 653 (1st Dist. 1989); *Dial Corp. v. Marine Office of America*, 252 Ill.Dec. 753, 757 (1st Dist. 2001). The necessary corollary to this right to participate is the right of the insurer to have the claimant bound by the resulting declaration as to coverage.

As stated earlier, Indiana Insurance does not object to CE Design's participation as an interested party and it has specifically added it as an "interested party" in its pleading. CE Design has the right to participate fully in arguing for coverage on behalf of the insured and itself. Therefore, there is no need for CE Design to have a Counterclaim in this action. *See, Dial Corp. v. Marine Office of America*, 252 Ill.Dec. at 758.

### III. CONCLUSION

Accordingly, for the reasons stated herein the Motion for Summary Judgment of Indiana Insurance Company is granted. The Counterclaim of CE Design is Dismissed.

**IT IS SO ORDERED.**

                                                                                Harry D. Leinenweber, Judge
                                                                                United States District Court

**DATE:** December 11, 2007