IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **INDIANA INSURANCE COMPANY,**<br><br>      **Plaintiff,**<br><br>  v.<br><br>**MATRIX LS, INC. and CE DESIGN LTD.,**<br><br>      **Defendants.** | **Case No. 06 C 2115**<br><br>**Hon. Harry D. Leinenweber** |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant CE Design Ltd.'s ("CE Design") Motion to Dismiss, it Motion to Transfer and Plaintiff Indiana Insurance Company's ("Indiana") Motion for Summary Judgment. For the reasons stated herein, the Court grants Defendant CE Design's Motion to Dismiss and accordingly does not reach the Motion to Transfer or Plaintiff's Motion for Summary Judgment.

### I. BACKGROUND

This case has a somewhat convoluted history. CE Design filed a class action lawsuit against Michigan Defendant Matrix LS, Inc. ("Matrix") in state court in Lake County, Illinois on March 22, 2005, alleging violations of the Telephone Consumer Protection Act (the "TCPA") and other laws by sending unsolicited junk faxes. That action remains pending in Lake County.

On March 14, 2006, CE Design filed this declaratory judgment action in Lake County seeking a declaration that Matrix's insurer,

Indiana, had a duty to defend and indemnify Matrix in the underlying suit. (Matrix was administratively dissolved by the State of Michigan in 2008 and, by all indications, is judgment proof.) Indiana removed the declaratory judgment action to this Court on April 14, 2006 and countersued for its own declaratory judgment relief, seeking a ruling that it had no duty to defend or indemnify Matrix.

On March 6, 2007, the parties and this Court decided in open court that CE Design would voluntarily dismiss its action without prejudice, Indiana would become the plaintiff and Matrix would be the defendant, with CE Design joined as a necessary defendant to Indiana's declaratory judgment action. The parties agreed CE Design would reinstate its declaratory judgment action as a counterclaim against Indiana. Although Indiana agreed that CE Design was a necessary party to its declaratory judgment action against Matrix, it disputed that CE Design had standing under Illinois law to bring its own counterclaim. The parties agreed to resolve CE Design's standing issue through summary judgment before litigating Indiana's declaratory judgment action. While Indiana's Motion for Summary Judgment on CE Design's Counterclaim was pending, Indiana twice unsuccessfully sought to obtain default judgment against Matrix, which had not responded to Indiana's Amended Complaint.

On December 11, 2007, the Court ruled in favor of Indiana on the issue of CE Design's Counterclaim, dismissing it. Although Indiana's declaratory judgment action remained pending, the Court's clerk erroneously entered a "Judgment in a Civil Case" form. ECF No. 96. For the next 47 months, neither party filed a motion, status report, or summary judgment motion. In fact, no activity whatsoever occurred until November 17, 2011 when Indiana filed a new attorney appearance form on its way to asking for summary judgment on its duty to defend, which was filed March 23, 2012. The renewed interest in this case by Indiana came shortly after CE Design filed an action in Wisconsin state court on November 3, 2011, again seeking judgment on the duty to defend issue. CE Design subsequently voluntarily dismissed that action and refiled in Massachusetts state court.

Indiana does not claim that it mistakenly thought the erroneous "Judgment in a Civil Case" entry terminated the proceedings. Instead, it claims the lack of activity in this case was deliberate abstention while the underlying suit proceeded.

## II. ANALYSIS

CE Design argues for dismissal on three grounds. First, that the summary judgment order entered by this Court on December 11, 2007 was a final judgment and therefore this Court has no jurisdiction; second, it moves for dismissal under Federal Rule of Civil Procedure 41(b), arguing Indiana failed to prosecute the case

for nearly four years; and third, it argues the Court should abstain in favor of the action pending in Massachusetts state court.

### A. The Erroneous Entry of Judgment Form Did Not Terminate This Court's Jurisdiction

The Court agrees with Indiana that the order of December 11, 2007 was not intended by the Court to be a final judgment. CE Design is correct that there are entries in the record indicating a final judgment was entered. The first is the entry of the docket clerk describing the Court's minute order [ECF No. 94]. That docket entry reads "Civil case terminated." However, the underlying minute order of the Court itself does not contain that language.

Docket entry No. 96, a judgment form prepared by the clerk, also erroneously indicates that a judgment had been reached.

Incidentally, the erroneous of entry of judgment was likely not the clerk's fault. The imprecise wording of the minute order used two sentences to say the same thing:

> "The Motion for Summary Judgment of Indiana Insurance Company is Granted. The Counterclaim of CE Design Ltd. is Dismissed."

ECF No. 94.

It would not have been unreasonable to interpret the first sentence as a statement that Indiana had been granted summary judgment on *its* declaratory judgment action. With that understanding, a reader might naturally assume the second sentence

meant, since Indiana had prevailed on its declaratory judgment action, CE Design's Counterclaim seeking declaratory judgment was necessarily dismissed. Instead, what the Court intended was simply to state that *only* CE Design's Counterclaim had been ruled on, dismissed as a result of a Motion for Summary Judgment.

In any case, it is clear from the record that the entry of judgment was in error because the substance of both the memorandum opinion itself and open-court exchanges show that Indiana's declaratory judgment was still pending.

For instance, the Memorandum Opinion and Order reads:

> The second argument is that the right of a claimant to bring a declaratory judgment action against an insurer is limited to situations, *unlike here*, where there is no pending declaratory judgment action between the insured and insurer . . .

Mem. Op. and Order of Dec. 11, 2007, 3 (emphasis added).

Additionally, in discussing in open court the best way to present the parties' claims, it was plain that all parties understood that if CE Design was deemed not to have standing to bring its own declaratory judgment action, Indiana's declaratory judgment action would continue nonetheless. On March 6, 2007, Indiana's own attorney stated:

> In other words, [CE Design] initiated this action by filing a complaint for declaratory judgment, so they are already in that fight. We take the position that they don't have standing to do so.
>
> So once that is ruled on, one way or the other, there may – there would then be a basis for them to be an

>   interested party in our counterclaim, which is declaratory judgment. . . .

Tr. of Proceedings of Mar. 6, 2007, 2-3.

Finally, Indiana by its briefing indicates that it was not confused by the erroneous judgment entry and that it was well aware that its declaratory judgment action remained.

Thus, there is ample evidence that Indiana's claims were not resolved and there was no final judgment. A clerical error cannot change this. *See United States v. Coles*, 97 Fed.Appx. 665, 668 (7th Cir. 2004) (scrivener's error in docket sheet indicating a lesser felony was charged did not supersede the clear facts in the charging instrument indicating a more serious felony had been lodged).

### B. Indiana's Failure to Take Any Action For Nearly Four Years, Without Explanation, Constitutes a Failure to Prosecute Worthy of Dismissal

But the Court cannot agree with Indiana that its unexplained silence and inaction for nearly four years in this case should not result in dismissal under Federal Rule of Civil Procedure 41(b) for failure to prosecute. The situation is nearly identical to that in *Krause v. Mississippi Coal Corp.*, where a plaintiff did nothing for 56 months after his opponent filed a motion to dismiss. *Krause*, 93 F.2d 515, 516-517 (7th Cir. 1937) (deciding the district court's *sua sponte* dismissal for failure to prosecute was not an abuse of discretion). Indiana has done little to differentiate its inactivity from the failure to prosecute in *Krause*. Granted, the

- 6 -

period of inactivity is less than in *Krause*, but the Court does not see a substantial difference between nearly five years of inactivity and nearly four.

One possible differentiation would be that *Krause* was a pre-Federal Rules of Civil Procedure case, but this does not help Indiana. As the Supreme Court noted, "the federal courts' power to dismiss for failure to prosecute remains unaffected by Rule 41(b)." *Carlisle v. United States*, 517 U.S. 416, 426 (1996) (superseded by statute on other grounds as stated in *United States v. Maricle*, No. 09-16, 2010 U.S. Dist. LEXIS 105931, at *6 (W.D. Ky. Oct. 4, 2010). Another possible basis for differentiation could be that *Krause* involved a matter of equity while this case is a matter of law. That too is of no import. *Roadway Express v. Piper* indicates that dismissal for failure to prosecute is an inherent power in courts of both law and equity. *Roadway Express*, 447 U.S. 752, 765 (1980).

Instead of differentiating its case from *Krause*, Indiana relies on a Seventh Circuit case indicating that dismissal is "an extraordinarily harsh sanction" that should be used only in extreme situations, and after consideration of certain factors, including prejudice. *Kasalo v. Harris & Harris*, 656 F.3d 557, 561 (7th Cir. 2011).

First, *Kasalo* can be distinguished because it did not involve a party's utter failure to take any action in a case for 47 months.

- 7 -

Instead, it ruled that a District judge acted too hastily in dismissing a case where no filings had been made in two months and the plaintiff's attorney was 16 minutes late to a hearing that had recently been moved up in time by an hour. *Id.* at 558-560. The Seventh Circuit found these infractions too minor to merit dismissal.

Even within *Kasalo*'s constraints, dismissal is appropriate. It advises dismissal is appropriate "when there is a record of clear delay." *Id*. Delay does not get much clearer than a 47-month period of no activity whatsoever. Moreover, Indiana's reliance on a lack of prejudice to CE Design is misplaced.

Actual prejudice need only be shown when a party comes forward with a reason for its delay. *See Boyle v. Am. Auto Serv.*, 571 F.3d 734, 743 (8th Cir. 2009) (affirming dismissal of plaintiff's breach of contract and tort suit where plaintiff failed to take any action for 44 months after initially issuing summons and offered no reason in its briefings for the delay).

Here, Indiana has offered no serious justification for its failure to do anything in this case. Instead it offers only that both Indiana and CE Design "abstained from taking any action in this lawsuit while they waited for the underlying class action to move forward." Indiana's Resp. 3. That "explanation" merely reflects that Indiana indeed made a conscious choice to do nothing in this case; it does not explain why. Nor does it explain why

- 8 -

Indiana did not approach this Court and move to have the proceedings stayed pending resolution of the underlying suit, which would have been the proper mechanism for the outcome Indiana desired. *See United States ex rel. Mallavaru v. Acadiana Cardiology, LLC et al.*, No. 04-732, 2010 U.S. Dist. LEXIS 104718, at *50-52 (W.D. La. Aug. 16, 2010) (finding dismissal under Rule 41(b) inappropriate when alleged failure to prosecute came about as the result of an order granting a motion to stay proceedings).

Indiana's suggestion that CE Design shares responsibility in this 4-year delay is irrelevant. It is indeed curious that CE Design did not approach the Court or its opponent in an attempt to move things along. But as the defendant in the remaining action, it was not obligated to do so. What CE Design was obligated to do was press *its* action, which it did diligently. It initiated its declaratory judgment action in state court and continued to litigate it when the case was removed to this Court. It continued that litigation until this Court ruled that it did not have standing to bring its action. Indiana's action for declaratory judgment was not CE Design's responsibility.

The Court does not know why Indiana did nothing in this case for nearly four years. Maybe it was lazy. Maybe it made a mistake. Maybe it saw a tactical advantage in keeping CE Design in limbo, making it invest more and more money in its underlying suit

without a clear indication of whether there would be a party to collect from if it prevailed. Maybe it feared Illinois' rather stringent insurance estoppel cases would not go its way.

Whatever the reason, the Court is convinced that no reasonable person would park his car on the street and expect it to still be there four years later, a useable vehicle for getting where he wanted to go. Neither should any plaintiff think that it can park its case in a court for four years, doing nothing to feed the meter, and expect it to still be there, a useable vehicle for getting where it wants to go.

### III. CONCLUSION

The Court finds a clear record of delay by Indiana in this case and dismisses its action for declaratory judgment for failure to prosecute under Federal Rule of Civil Procedure 41(b). This dismissal "operates as an adjudication on the merits" as the rule commands, and is a final judgment, subject to immediate appeal by both parties. FED. R. CIV. P. 41(b).

Because the case is dismissed for want of prosecution, the Court does not reach CE Design's abstention argument, nor its Motion to Transfer, nor Indiana's Motion for Summary Judgment.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

**DATE:** 6/27/2012